**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARCELA M. BODKIN,
Plaintiff-Appellant,

v.

No. 95-2853

TOGO D. WEST, JR., Secretary of the
Army,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-1070-A)

Submitted: June 18, 1996

Decided: July 22, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leroy T. Jenkins, Jr., Washington, D.C., for Appellant. Frank W.
Hunger, Assistant Attorney General, Helen F. Fahey, United States
Attorney, Barbara L. Herwig, Freddi Lipstein, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marcela M. Bodkin appeals the district court's order granting Appellee's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This panel has already granted Bodkin's motion to submit this case on the briefs. Finding no reversible error, we affirm.

Bodkin held a temporary one-year appointment as a security specialist with the United States Army Southern Command in the Republic of Panama from June 11, 1990, to September 30, 1991. She received a security clearance on July 5, 1990. On August 22, 1990, Bodkin's access to classified information was suspended pending investigation of information that she was involved in homosexual activity, participated in the use, possession, transportation or trafficking of illegal drugs, and failed to report contacts with members of a criteria country. For the duration of her temporary appointment, Bodkin was assigned to duties that did not require access to classified information and her position was allowed to expire.

Bodkin filed this action alleging discrimination on the basis of race in the processing of information leading to the suspension of her security clearance by the United States Army, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-16 (West 1994 & Supp. 1996). In her initial complaint Bodkin asserted that the United States Army racially discriminated against her by processing the adverse information about her, by divesting her of her security clearance, and by failing to take the same actions against similarly situated white employees. Bodkin, however, narrowed her claim in her response to Defendant's motion to dismiss to that of discrimination in the processing of source information prior to the taking of any action regarding her security clearance. (J.A. 23). During oral argument before the district court, Bodkin's counsel reit-

2

erated that the claim was one of discriminatory processing of information, rather than one of discriminatory investigation or discriminatory suspension of access to classified documents. (Supp. App. 11-12).

The district court granted Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that discriminatory processing is essentially information processing, which is merely a step in the decision-making process and not an ultimate employment decision protected under Title VII. The court noted in its reasoning that had Bodkin asked the court to review the suspension of her security clearance, such review would be barred under Department of Navy v. Egan, 484 U.S. 518, 529 (1988), in which the Supreme Court held that non-expert bodies are institutionally incompetent to second-guess the substantive judgment of whether to deny or revoke a security clearance. The district court also noted that judicial review of discriminatory processing outside of Title VII would also be barred as it is "part and parcel of the same security clearance determination."

On appeal, Bodkin argues that the district court had jurisdiction to review the discriminatory processing of information. Bodkin, however, does not argue that the discriminatory processing is an ultimate employment decision that would be protected under Title VII. See Page v. Bolger, 645 F.2d 227, 233 (4th Cir.), cert. denied, 454 U.S. 892 (1981). Rather, Bodkin argues that the suspension of her security clearance, rather than the discriminatory processing, constituted the ultimate employment decision cognizable under Title VII. Because this claim was not raised before the district court, it is not properly before us on appeal. See, e.g., United States v. Banisard Bldg. Joint Venture, 65 F.3d 374, 379 (4th Cir. 1995). Regardless, even if this claim had been preserved for appeal, it is meritless. As the district court noted below, review under Title VII of the suspension of a security clearance is barred under Egan. See Guillot v. Garrett, 970 F.2d 1320, 1325 (4th Cir. 1992) (finding no authorization in Civil Rights Act of 1964 for federal appellate courts to review Executive's security clearance decisions).

Finding no error in the district court judgment, we affirm.

AFFIRMED